## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| DONALD BURGO | CIVIL ACTION NO. 09-1165 |
|     LA. DOC #197078 | |
| VS. | SECTION P |
| | JUDGE MELANÇON |
| SOSTENES RUIZ, III, ET AL. | MAGISTRATE JUDGE METHVIN |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Donald Burgo, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 28 U.S.C. §1983 on July 28, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the C. Paul Phelps Correctional Center. Plaintiff claims that he was wrongfully convicted of the felony offense of cruelty to the infirmed in the Sixteenth Judicial District Court. Plaintiff sues Morgan City's City Court prosecutor Sostenes Ruiz, III, City Court judge Kim Stansbury, City Court Clerk Janet LeBlanc, Sixteenth Judicial District Indigent Defender Bob Tracy, and Morgan City Police Department Officers Anslem, Driskill, and Schaff. He prays for $1,500,000 in compensatory damages for lost wages, mental, physical and emotional abuse, and unlawful imprisonment and the "reversal of his sentences" and his release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

2

*Background*

According to plaintiff, he was arrested and charged with simple battery (La. R.S.14:35) on August 27, 2005. On September 5, 2005, Public Defender Bob Tracy was appointed to represent him on these misdemeanor charges which had apparently been filed in the City Court of Morgan City.  However, City Prosecutor Ruiz charged plaintiff with the felony offense of cruelty to the infirmed  (La. R.S. 14:93.3)[1] and transferred the case to the Sixteenth Judicial District Court for prosecution.[2]

---

[1] The facts of the case were provided by the First Circuit Court of Appeals as follows:

On August 28, 2005, with Hurricane Katrina approaching the Louisiana coast, seventy-four year-old Lois Burgo contacted her thirty-nine year-old son, defendant, and told him that she and her husband (defendant's father, James Burgo) would pick him up at his trailer in Amelia and let him stay with them at their home in Morgan City. Because of the approaching storm, Mrs. Burgo felt that defendant would be safer with them than in his trailer in Amelia.

When Mrs. Burgo picked up the defendant in Amelia, she knew right away that he was 'very angry' and suspected he was under the influence of some substance. After arriving at his parents' home located at 1700 Elk Street in Morgan City, defendant exited the truck and started yelling at one of his parents' neighbors across the street. Mrs. Burgo was finally able to coax defendant to go inside the home.

Once Mrs. Burgo and defendant got to the door of her home, defendant opened the door and said, 'Ladies, first,' and then proceeded to push his mother through the door while yelling obscenities at her. Defendant's father, who was eighty-two years old and recovering from recent brain surgery, told defendant to stop talking to his mother that way. Defendant told Mr. Burgo that he would talk to them any way he wanted, and then struck his father.

Defendant walked out of the house and into the backyard to check on his dog. At this time, Mrs. Burgo took her husband by his hand, assisted him into the den, and went to the phone to call for help. Defendant then returned and hit Mr. Burgo again, knocking him to the floor. Defendant pulled the phone from his mother's hand, threw it to the floor, and hit his mother in the front of her head, knocking off her glasses and cutting her nose. Mrs. Burgo fell to the couch, then to the floor. Mrs. Burgo thought defendant was going to attack Mr. Burgo again, so she placed herself over her husband's body as defendant struck her on the side of her head again.

At that moment, Officer John Schaff of the Morgan City Police Department entered the home and discovered the Burgos coming toward the door as if they were being chased. Behind them came defendant, who was holding a dog leash. Defendant was arrested and taken to jail. During a pat down of defendant, Officer Schaff recovered a metal pipe from defendant's left pocket with some residue of suspected narcotics. *State of Louisiana v. Donald Christopher Burgo*, 2007-KA-0227 (6/8/2007) at pp. 2-3.

[2] Under Louisiana law, District Courts have "... exclusive original jurisdiction of felony cases..." See La. Const. Art. 5, §16. City courts, on the other hand, have jurisdiction which is "... limited to the trial of offenses committed within their respective territorial jurisdictions which are not punishable by imprisonment at hard labor..." La. R.S.13:1894. Cruelty to the infirmed is a felony since it is  punishable by a sentence of up to ten years at hard labor. La. R.S.14:93.3(E).

3

Plaintiff apparently waived his right to trial by jury and elected to be tried by the Court instead. During the course of the trial the prosecutor introduced "other crimes evidence" over defense objection. Plaintiff was found guilty as charged. He was subsequently adjudicated an habitual offender and sentenced to serve consecutive eight year sentences. He appealed his convictions, adjudications, and sentences and on June 8, 2007 the First Circuit Court of Appeals affirmed his convictions and adjudications as a second felony offender, but vacated the sentences and remanded for re-sentencing. See *State of Louisiana v. Donald Christopher Burgo*, 2007-KA-0227 (La. App. 1 Cir. 6/8/2007),  958 So.2d 1217 (Table). On some unspecified date plaintiff was re-sentenced in the Sixteenth Judicial District Court. His attempts to obtain post-conviction relief were apparently unfruitful.

As noted above, he filed the instant complaint on July 9, 2009. Plaintiff claims, for a variety of reasons, that his current imprisonment is unlawful and he seeks monetary damages and the reversal of his unlawful sentence.

***Law and Analysis***

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915 and §1915A.

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is

4

based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of

a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998)

(quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly baseless."

*Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

Civil Rights plaintiffs must support their claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's pleadings present the best case which could be presented by plaintiff under the

circumstances. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that

further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's

allegations as true, and, giving plaintiff the benefit of very doubt, the court concludes, for the

reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are

frivolous as a matter of law, and, that his complaint should therefore be dismissed with

prejudice.

### 2. Unlawful Conviction and False Imprisonment

Petitioner seeks monetary damages from all of the defendants for his false

imprisonment as a result of alleged wrongdoing associated with his criminal convictions in the

Sixteenth Judicial District Court. It is well established that to recover damages for an allegedly

"unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order,

5

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254 ." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*  If judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Plaintiff's false imprisonment claim would, if true, necessarily implicate the validity of his conviction and the sentence imposed by the Sixteenth Judicial District Court.  Plaintiff does not allege, nor does the published jurisprudence of the State of Louisiana establish, that these convictions, or the sentence imposed, have been set aside.  In fact, the published jurisprudence reveals that the convictions were affirmed on appeal to Louisiana's First  Circuit Court of Appeal, and, while the Court found error in sentencing, it appears that the error was ultimately corrected on remand.

Plaintiff's claims of false imprisonment are barred by *Heck;*  they are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

6

### 3. Habeas Corpus

In addition to seeking monetary damages for wrongful imprisonment, plaintiff requests "reversal of sentence" and, by implication, his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  A *habeas corpus* action filed pursuant to 28 U.S.C. §2254 is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.  See *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  Therefore, plaintiff's claim, since it has been raised as a civil rights claim,  lacks an arguable basis in law or fact.

In order to obtain "reversal of sentence," and thus an immediate release from custody, plaintiff would have to file a petition for writ  of *habeas corpus*.

### 4. Conclusion and Recommendation

Plaintiff's civil rights claims – insofar as he seeks compensatory damages for his allegedly unlawful conviction and imprisonment –  are premature. Unless and until the *Heck* requirements are met, he may not assert these claims under §1983. The Fifth Circuit Court of Appeals has determined that the order of dismissal under *Heck* must dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions[3] are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996). Further, to the extent that plaintiff seeks his immediate release from custody, such claim is not cognizable in this civil rights action.

Accordingly,

---

[3] The *Heck* conditions are as follows: Plaintiff may litigate his unlawful conviction and false imprisonment claims only if the conviction or sentence complained of has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

7

**IT IS RECOMMENDED** that plaintiff's civil rights complaint – insofar as plaintiff seeks damages for an unlawful conviction and false imprisonment – be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, pursuant to the provisions of 28 U.S.C. § 1915.  Plaintiff may assert these claims if and when he can meet the *Heck v. Humphrey* conditions;

**IT IS FURTHER RECOMMENDED** that this civil rights complaint – insofar as it seeks plaintiff's immediate release from custody – be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

8

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

      Signed at Lafayette, Louisiana, on November 24, 2009.

                                    Mildred E. Methvin
                                    United States Magistrate Judge
                                    800 Lafayette St., Suite 3500
                                    Lafayette, Louisiana 70501
                                    (337) 593-5140 (phone) 593-5155 (fax)